HAAS ET AL., APPELLANTS, *v.* LEWIS ET AL., APPELLEES.

(No. 82AP-518—Decided November 9, 1982.)

*Mr. William L. Stehle* and *Mr. James M. Herald,* for appellants Haas and Kustron.

*Mr. David L. Day,* for appellee Lewis.

*Messrs. Hamilton, Kramer, Myers, Summers & Cheek* and *Mr. Robert L. Summers,* for appellee Tillery.

NORRIS, J. Plaintiff-appellant, William G. Haas, filed suit against defendants-appellees, Ted Lewis and Pamela Tillery, as the result of injuries he suffered in automobile accidents during the Autumn of 1978. At the time of the collisions, Haas was living with plaintiff-appellant, Linda Kustron, in a state of extramarital cohabitation. On August 27, 1979, Haas and Kustron were married. In a separate complaint, filed on February 25, 1982, Kustron sought damages from defendants for the loss of "services and consortium of her husband." Both defendants filed motions for summary judgment on the ground that Kustron had failed to state a claim because she was not married to Haas at the time of the accidents. Plaintiffs appeal from the granting of those motions.

Plaintiffs raise one assignment of error:

"I. The Court of Appeals [*sic*] of Franklin County, Ohio erred in holding claims for expenses and damages for loss of consortium can be recovered only if the marital relationship existed at the time of the accident."

The issue raised by the appeal is whether a partner to extramarital cohabitation has a cause of action for loss

of consortium against a person who negligently injures the other partner.

At common law, a husband had a cause of action against one who wrongfully or negligently injured his wife for recovery of the loss of her services and consortium and for medical expenses. That cause of action was only recently extended to a wife who is deprived of the consortium of her husband by one who negligently injures him. *Clouston* v. *Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St. 2d 65 [51 O.O.2d 96], paragraph two of the syllabus. The gist of the wife's cause of action for loss of consortium is the direct hurt which she has suffered by reason of the loss of her husband's society, services, sexual relations, and conjugal affection which includes companionship, comfort, love, and solace. *Clouston, supra,* at 72. The nature of the cause of action is to grant redress for interference with marital rights. *Baltimore & Ohio Railroad Co.* v. *Glenn* (1902), 66 Ohio St. 395, at 398.

Our reading of the cases convinces us that in Ohio, in keeping with the rule of the overwhelming majority of jurisdictions in this country, the right of consortium, by its very definition, is a right which grows out of marriage, is incident to marriage, and cannot exist without marriage. Because it is a marital right, the right of consortium is not conferred upon partners to extramarital cohabitation. This conclusion is consistent with our view in *Levy* v. *Levy* (May 2, 1978), Franklin App. No. 77AP-918, unreported, where we held that extramarital cohabitation did not entitle partners to the marital right of equitable division of property which is incident to the termination of the marital relationship.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and STRAUSBAUGH, J., concur.