## Crago v.
## Lorain Co. Commissioners
*[Cite as 6 AOA 271]*

*Case No. 89CA004726*
*Lorain County, (9th)*
*Decided August 1, 1990*

*Richard A. Damiani, Attorney at Law, The Bradley Bldg., #702, 1220 W. 6th St., Cleveland, Ohio 44113, for Plaintiffs.*

*M. Robert Flanagan, Asst. Prosecutor, 226 Middle Ave., Elyria, Ohio 44035, for Defendants.*

BAIRD, P.J.

This cause comes before the court upon the appeal of James Crago and his minor daughter from the judgment of the Lorain County Court of Common Pleas granting summary judgment in favor of defendants Lorain County Commissioners, the Lorain County Board of Directors of Children's Services, and children's services employee Mae O'Shea, on a claim alleging negligence, malice, and intent by defendants in failing to properly investigate and to prevent or pursue remedies for instances of alleged child abuse.

Assignments of Errors

"I. The trial court erred in granting the summary judgment in favor of defendants Lorain County Board of Commissioners, Board of "Directors of children's Services and Mae O'Shea as a matter of law.

"II. The trial court erred in noting that the plaintiff-appellants' reply was unsupported pursuant to Civil Rule 56(E) evidence."

The trial court found that there were no, genuine issues of material fact, and determined that the above defendants were entitled to judgment as a matter of law, citing the immunity provisions of R.C. 2151.421(G), 2744.02(A)(1), and 2744.03(A).

On the issue of immunity, appellants argue that the trial court erred in finding that the defendants were immune from such claims under R.C. 2744.02, Ohio's political subdivision tort immunity statute. Specifically, appellants assert that R.C. 2744.02(B)(2) provides a statutory exception from immunity for the type of misconduct alleged in this case. This provision reads:

"***

"Political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."

Appellants argue that the functions of a children's services board are proprietary functions,[1] and that negligence in performing such a function is not subject to immunity.

R.C.2744.01(C)(2)(o) specifically includes, as a "governmental function",[2] the operation of "children's homes or agencies", and R.C. 2744.01(C)(2)(m) includes the operation of a "human services department or agency" as a governmental function. Apart from specific exceptions listed in R.C. 2744.02(B), there is a general grant of immunity to a political subdivision in the performance of governmental functions. R.C. 2744.02(A)(1). Therefore, appellants' argument that the operation of a children's service board is excepted from immunity as a proprietary function is without merit.

Although appellant does not argue with the trial court's finding that R.C. 2151.421 also grants immunity for the conduct alleged herein, we find that the court was incorrect in so holding. R.C. 2151.421 defines, *inter alia*, the duties of a children's service board or department to investigate and report instances of alleged child abuse. The Supreme Court of Ohio recently affirmed this court's ruling that the failure to perform these statutory duties is actionable. *Brodie v.*

*Summit Cty. Children Services Bd.* (1990), 51 Ohio St. 3d 112. That case, however, was decided on the basis of facts that occurred prior to the enactment of R.C. 2744. *et seq.* As the application of R.C. 2744. is prospective only, see *Stoyer v. Summit Cty. Executive* (1988), 38 Ohio App. 3d 171, the Ohio Supreme Court did not address the issue of the effect of R.C. Chapter 2744 on actions pursuant to R.C. 2151.421 that arise after its November 20, 1985 effective date.

R.C. 2151.421 imposes a mandatory duty upon a human services or children's services board or department to investigate and report to law enforcement agencies any instances of alleged child abuse. The imposition of this duty creates a special relationship, as the duty is owed, not to the public at large, but to the specific individual child alleged to have been abused or neglected *Brodie, supra* at 119. Failure to perform these duties is actionable, and not protected by the specific immunity granted in division (G) of that statute for an individual or agency participating in the making of the required report, or participating in resulting judicial proceedings. *Id.* at 120.

R.C. 2744.02(B)(5) allows a political subdivision to be held liable for its actions when another section of the Revised Code expressly imposes such liability. R.C. 2744.03(A)(6)(c) allows such liability for the employee.

By virtue of the express grant of a limited immunity in R.C. 2151.421(B), there is an express recognition that liability can be imposed on an agency or individual for other, excluded conduct. Therefore, a claim that a children's services board and its employees failed to properly investigate an instance of alleged child abuse pursuant to duties imposed by R.C. 2151.421 is not subject to the general immunity granted to a political subdivision under R.C. 2744.02(A), nor the employee immunity granted under R.C. 2744.03(A)(6).

Nonetheless, this does not require us to reverse the trial court's grant of summary judgment in favor of the defendants. With their motion for summary judgment, appellees submitted the affidavit of defendant/employee Mae O'Shea, in which O'Shea set forth facts regarding investigations into the allegations of child abuse. The record shows, as the trial court noted in its judgment entry, that appellants submitted nothing by way of affidavit, deposition, interrogatories, admissions, etc., to rebut these facts or to show that there were any genuine issues of material fact for trial. Civ. A. 56(E) specifies that, when a motion for summary judgment is supported by affidavit or other proper evidence, the plaintiff "may not rest upon the mere allegations or denials of his pleadings" to create genuine issues of material fact for trial. As there were no genuine issues of fact, summary judgment was appropriate.

Though the trial court erred in granting summary judgment on the grounds of immunity, summary judgment was properly granted in favor of the defendants in view of the uncontroverted facts presented in O'Shea's affidavit, which show no grounds for finding liability on the part of the defendants. On this basis, judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

BAIRD, P.J., for the court.
CIRIGLIANO, J., and HAYES, J., concur.

Hayes, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A) (3), Constitution.

---

[1] A "proprietary function" is generally defined in R.C. 2744.01(G)(1)(b) as one that "promotes or, preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons".

[2] R.C. 2744.01(C)(1) states:

"***.

"'Governmental function' means a function of a political subdivision that is specified in division (C)(2) of this section or that satisfies any of the following:

"(a) A function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement;

"(b) A function that is for the common good of all citizens of the state;

"(c) A function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged 'in or not customarily engaged in by nongovernmental persons; and that is not specified in division (G)(2) of this section as a proprietary function.