CURRAN, Appellant,

v.

WALSH JESUIT HIGH SCHOOL et al., Appellees.

[Cite as *Curran v. Walsh Jesuit High School* (1995), 99 Ohio App.3d 696.]

Court of Appeals of Ohio,
Summit County.

No. 16815.

Decided Jan. 4, 1995.

*Edward Willard Cochran,* for appellant *Michael Curran.*

*Mary Agnes Lentz,* for appellees *Walsh Jesuit High School* and *Detroit Province Society of Jesus.*

QUILLIN, Judge.

Appellant, Michael Curran, appeals from the trial court's May 12, 1994 order which dismissed each count of his amended complaint filed against appellees, Walsh Jesuit High School ("Walsh") and the Detroit Province Society of Jesus ("Detroit Province"). We affirm.

In the early 1970s, Michael Curran attended Walsh. During the 1973–1974 school year, Curran's freshman year at Walsh, he engaged in a course of sexual activity with Howard McDonough. At the time, McDonough was a Jesuit brother and teacher at Walsh. According to Curran's deposition testimony, the sexual relationship between the-then fourteen-year-old Curran and McDonough lasted for approximately four months.

On May 19, 1993, Curran filed a complaint in the Summit County Court of Common Pleas naming Walsh, the Detroit Province, the Catholic Diocese of

Cleveland, and Howard McDonough as defendants. The complaint alleged causes of action in sexual battery, contract, clergy malpractice, negligent hiring, retention and supervision, and respondeat superior.

As a result of the publicity generated from Curran's filing of the original complaint, Mark Cabaniss, another former student at Walsh, contacted Curran's attorney and signed an affidavit stating that he had been sexually abused by McDonough during the 1972–1973 school year. Curran further averred in his sworn statement that he reported the incident to Fathers King and Hussey, who were teachers at Walsh. Additionally, along with other discovery material, Curran received a letter which was sent by Father Edward J. Mattimoe to Father Paul Besanceney on November 29, 1973. Father Besanceney was the provincial superior of the Detroit Province who was ultimately responsible for Brother McDonough's disposition. Father Mattimoe, who was the principal of Walsh from 1967 to 1977, wrote to Father Besanceney in the November 29, 1973 letter of plans to allow McDonough to resign from his position at Walsh for "personal reasons" immediately after the Christmas recess in an effort to keep undisclosed matters concerning McDonough from becoming public information.

In light of these discoveries, Curran filed an amended complaint with the court. The amended complaint names only Walsh and the Detroit Province as defendants, dropping Curran's claims against the Catholic Diocese of Cleveland and McDonough. The amended complaint retains claims of negligence and breach of contract and adds claims for negligence *per se,* breach of fiduciary duty, and fraud.

Walsh and the Detroit Province filed a joint motion to dismiss and/or for summary judgment in response to Curran's amended complaint. The trial court granted summary judgment to the defendants, holding that R.C. 2151.421 does not confer a private right of action for a breach of the duty to report and that the remainder of Curran's claims were barred by the statute of limitations. Curran appeals the trial court's decision, asserting four assignments of error:

"I. In dismissing counts I and II of plaintiff's amended complaint (statutory negligence), the trial court erred in finding 'that a civil tort action (cannot) be premised upon a violation of O.R.C. 2151.421.'

"II. In dismissing counts I and II of plaintiff's amended complaint (statutory negligence), the trial court erred in finding that 'the only means of enforcing the duty (imposed by O.R.C. 2151.421) * * * is by penalty or fine as provided for in O.R.C. 2151.99.'

"III. In dismissing counts I and II of plaintiff's amended complaint (statutory negligence), the trial court erred in finding that 'the duty imposed by the statute appears to be merely for the benefit of the public, not to specific individuals, and

consequently the statute does not support a private cause of action in favor of individuals.'

"IV.   In dismissing count III of plaintiff's amended complaint (fraud), the trial court erred in finding that since there is no cause of action for a violation or O.R.C. 2151.421, there is no cause of action in fraud for intentionally concealing the suspected child abuse for 20 years in order to avoid prosecution and/or litigation."

Curran states in his brief that the four issues which he presents upon appeal can be combined into one.   Curran then states that issue as whether "the doctrine of 'statutory negligence' appl[ies] to the reporting requirement of R.C. 2151.421[.]"   The version of R.C. 2151.421 in effect at the time of the alleged events stated:

"Any * * * school teacher or school authority * * * acting in his official or professional capacity, having reason to believe that a child less than eighteen years of age * * * has suffered any wound, injury, disability, or condition of such a nature as to reasonably indicate abuse or neglect of such child, shall immediately report or cause reports to be made of such information to a municipal or county peace officer."

Curran is correct in asserting that failure to perform a statutory duty imposed by R.C. 2151.421 is actionable.   *Brodie v. Summit Cty. Children Serv. Bd.* (1990), 51 Ohio St.3d 112, 119, 554 N.E.2d 1301, 1308; *Crago v. Lorain Cty. Commrs.* (1990), 69 Ohio App.3d 24, 26, 590 N.E.2d 15, 16–17.   Further, Curran is correct that the duty imposed by R.C. 2151.421 is intended for the protection of individuals rather than for the public in general.   In *Brodie* at 119, 554 N.E.2d at 1308, the Supreme Court of Ohio addressed the issue stating, "the statute is not directed at or designed to protect the public at large, but intended to protect a specific child who is reported as abused or neglected."   However, because the statute is intended to protect the specific child who is reported abused or neglected, Curran has failed to persuade this court that he has standing to bring a civil claim for Walsh officials' alleged breach of the statutory duty mandated under R.C. 2151.421.

Under the facts averred by Curran, Walsh teachers, Fathers King and Hussey, allegedly received reports of sexual abuse concerning McDonough's molestation of Cabaniss.   Curran does not claim that he ever reported, or that any Walsh official ever received information concerning the sexual activity between himself and McDonough.   Curran attempts to establish Walsh's statutory duty to him under R.C. 2151.421 from Father King's and Father Hussey's alleged knowledge of McDonough's sexual abuse of Cabaniss.

■■ Generally, in order to maintain a claim of negligence *per se* based on the defendant's violation of a statute, the plaintiff must show that he is among the class of individuals that the statute is designed to protect:

"In an action for neglect of duty it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but to entitle him to recover, he must further show that such duty was imposed for his benefit, or was one which the defendant owed to him for his protection and security, from the particular loss or injury of which he complains." *Hocking Valley Ry. Co. v. Phillips* (1910), 81 Ohio St. 453, 462, 91 N.E. 118, 120.

We believe that R.C. 2151.421 imposes a duty which is owed solely to the minor child of whom reports have been received concerning abuse or neglect. Compare *Neuenschwander v. Wayne Cty. Children Serv. Bd.* (1994), 92 Ohio App.3d 767, 637 N.E.2d 102. In so holding, we find instructive the Supreme Court of Ohio's statement in *Brodie* that R.C. 2151.421 is "intended to protect a specific child who is reported as abused or neglected." *Brodie* at 119, 554 N.E.2d at 1308. Accordingly, any reporting duty imposed upon Walsh officials under R.C. 2151.421 would be owed to Cabaniss rather than to Curran. Therefore, absent a duty running to Curran, it was not error for the trial court to grant the defendants summary judgment on the claims alleging negligence *per se* under R.C. 2151.421.

■ Although it appears that the trial court based its decision regarding the R.C. 2151.421 issues on an erroneous application of the "public duty doctrine," "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309. Curran's assignments or error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.