**HITE et al., Appellants,**

v.

**BROWN et al., Appellees.**

[Cite as *Hite v. Brown* (1995), 100 Ohio App.3d 606.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 66964.

Decided March 9, 1995.

*William M. Crosby* and *Nancy A. Kelly,* for appellants.

*Reminger & Reminger, Richard C. Haber* and *Peter W. Marmaros; Richard J. Marco; Weston, Hurd, Fallon, Paisley & Howley* and *Warren Rosman; L. Stewart Hastings, Jr.,* and *Kathryn A. Kerka; Dale L. Hebert; Boothman, Hebert & Eller, P.C.,* and *Sharon E. Hollins,* for appellees.

PATTON, Chief Justice.

In 1993, plaintiffs Sandra Hite, her husband and their two minor children filed a complaint against Hite's father and mother, Frank and Pauline Brown, a psychologist, and two medical providers. The complaint contained eight causes of action stemming from allegations of sexual battery committed by Frank Brown ("Brown").

Hite alleged Brown had engaged in acts of sexual molestation and abuse against her beginning in 1953, when she was six years of age and continuing through 1963. At the time of the suit, Hite was forty-six years of age. The complaint also alleged that Brown had committed acts of sexual molestation and abuse against Hite's daughters during the years 1986 through 1989. At the time of the complaint, the minor daughters were fifteen and thirteen years of age.

All three women stated causes of action for breach of fiduciary duty, negligent infliction of emotional distress, and intentional infliction of emotional distress.

The three also filed a claim against Hite's mother Pauline Brown, alleging she knew or should have known of Brown's conduct and failed to protect them from that conduct. The husband filed a separate claim for loss of consortium and joined in the claim for negligent infliction of emotional distress.

The three women also filed claims against defendant psychologist Robert Rogers and Kaiser Foundation Hospital and Ohio Permanente Medical Group ("OPMG"). Rogers saw the minor daughter of one of Hite's brothers after the brother became concerned that Brown might have molested the child. The complaint alleged Rogers committed malpractice in failing to make a diagnosis of

abuse and negligently failed to report the alleged abuse to the appropriate law enforcement authorities. Kaiser and OPMG were named under a theory of respondeat superior. Hite's brother and his daughter are not parties to this action.

Frank and Pauline Brown answered by denying the claims and filed counter-claims for indemnity, intentional infliction of emotional distress and negligent infliction of emotional distress. Moreover, the Browns cross-claimed against Rogers, Kaiser and OPMG for indemnification.

Rogers, Kaiser and OPMG filed cross-claims against Frank and Pauline Brown individually, seeking indemnity and contribution.

All defendants filed motions for summary judgment. Frank Brown sought a partial summary judgment on the basis that all of the claims relating to Sandra Hite were barred by the statute of limitations.

Pauline Brown sought summary judgment on the basis that no cause of action exists for failure to protect children.

Rogers, Kaiser and OPMG sought summary judgment on the basis that negligence, if any, was committed against the brother's child, not Hite or her children.

In a written opinion, the trial court denied Brown's motion for summary judgment on the first four counts of the complaint, finding an issue of material fact existed as to whether mental infirmity prevented Hite from filing her action within the statute of limitations.

The court granted Pauline Brown's motion for summary judgment, finding no common-law action exists for failure to protect one's children. In addition, the court refused to apply criminal statutes as an underlying basis for a civil cause of action.

The court also granted the motion for summary judgment filed by the psychologist and the health care providers since the court found the psychologist owed no duty to anyone except Hite's brother and his daughter. The court went on to find that even if a duty were present, Hite had failed to show the minor plaintiffs' injuries were proximately caused by the psychologist's negligence in the absence of any other intervening cause. Since no cause of action had been stated against the psychologist, the court found the motion for summary judgment relating to claims against the health care providers should be granted.

The court supplied the necessary Civ.R. 54(B) certification, and these appeals followed. Hite appeals and assigns four errors challenging the summary judgments granted in favor of Pauline Brown and the psychologist and the health care providers. Frank Brown has cross-appealed and assigned four errors challeng-

ing the court's refusal to grant his motion for summary judgment on the first four counts of the complaint.

## I

In her first assignment of error Hite argues the court erred by granting summary judgment on her negligence claim against Pauline Brown. Hite argued that a duty to protect minor children exists at common law or could be based *per se* on violations of the child endangerment statute, R.C. 2919.22. The court found that while R.C. 2919.22 had been applied to civil matters, it could not form the basis for a cause of action in the absence of an otherwise established underlying tort. The court also found there is no civil cause of action for failure to protect one's child or grandchildren. Despite conceded sufficient credible evidence that Pauline Brown had knowledge of her husband's conduct, the trial court declined to create a cause of action.

Hite argues a civil action will lie against her mother based either on common-law principles of duty or on a duty imposed by statute, the violation of which constitutes negligence *per se*.[1] We conclude that neither basis, standing alone, would define a duty under the circumstances. However, we find that when considered together statutory law may be used to define the common-law relationship between a parent and child under the facts of this case.

## A

In order to establish actionable negligence, a plaintiff must identify that the defendant owed her a duty, that a breach of that duty proximately caused the injury, and that plaintiff was injured. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614, 616; *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710. Although the scope and extent of the duty is ultimately a question of fact, the existence of such a duty is, in the first instance, a question of law for the court. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 269–270.

---

1. Plaintiffs also maintain that a separate cause of action exists under R.C. 2307.60, which states in relevant part:

   "Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law * * *."

   We have construed this section to require a criminal violation before civil liability may arise. See *Ivancic v. Cleveland Elec. Illum. Co.* (Sept. 16, 1993), Cuyahoga App. No. 63372, unreported, 1993 WL 367092. Plaintiffs have not alleged, nor does the record show, any criminal violation by Pauline Brown. As a result, R.C. 2307.60 does not provide a basis for relief.

Hite first argues that Pauline Brown's negligence could be imposed *per se* for her violation of R.C. 2919.22(A). The trial court declined to impose liability under the statute since Pauline Brown had not been charged with a violation of the statute.

■ Where a statute does not expressly provide for civil liability, the question whether a violation of the statute constitutes negligence *per se* depends on the enactment itself. *Mussivand v. David,* 45 Ohio St.3d at 319, 544 N.E.2d at 270–271. *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 53 O.O. 274, 119 N.E.2d 440, paragraph three of the syllabus, states:

"Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence *per se;* but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence *per se* has no application and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case."

■ Where a specific requirement is made by statute and an absolute duty is imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent person or exercised due care. *Swoboda v. Brown* (1935), 129 Ohio St. 512, 522, 2 O.O. 516, 196 N.E. 274. A lack of reasonable care is presumed from the violation of the duty imposed by the legislative authority.

R.C. 2919.22(A) provides in part:

"No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *"

■ R.C. 2919.22(A) does not require a parent or guardian to perform the duties of support, care and protection in any specific manner. Instead, it sets forth a standard of care which should be exercised by a reasonably prudent parent or guardian under the circumstances. Since the statute requires one to employ reasonable conduct under the circumstances, it does not describe a specific act but instead states a rule of conduct. See *Mussivand v. David,* 45 Ohio St.3d at 320, 544 N.E.2d at 271–272. Consequently, negligence *per se* is inapplicable. *Eisenhuth v. Moneyhon, supra.*

## B

Hite next argues that principles of common-law negligence may be applied to Pauline Brown in order to establish a duty to protect plaintiffs. Hite first maintains Pauline Brown's parental status created a special relationship which imposed a duty to protect from acts of abuse.

■ There is no duty to control the conduct of a third person to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relationship exists between the actor and the other which gives to the other the right to protection. *Gelbman v. Second Natl. Bank of Warren* (1984), 9 Ohio St.3d 77, 79, 9 OBR 280, 281–282, 458 N.E.2d 1262, 1263, citing Restatement of the Law 2d, Torts (1965) 122, Section 315; *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.* (1989), 45 Ohio St.3d 171, 173, 543 N.E.2d 769, 772, fn. 1. "The special relationships which may give rise to a duty to control the conduct of another person may be between the defendant and either the person whose conduct needs to be controlled or the injured plaintiff, the foreseeable victim." *Id.* at 173, 543 N.E.2d at 772, fn. 1.

R.C. 2919.22(A) places a mother in the position of a special relationship to her daughter. The Supreme Court has stated the apparent intention of the drafters of this section "was to punish a breach of statutory duty, when the breach results in a substantial risk to the health or safety of the child." *State v. Gray* (1992), 62 Ohio St.3d 514, 515, 584 N.E.2d 710, 711. In *State v. Sammons* (1979), 58 Ohio St.2d 460, 12 O.O.3d 384, 391 N.E.2d 713, a father watched while his wife beat and burnt their children. The court stated, "[c]ertainly, to stand by and do nothing to prevent the torturous branding of one's children, and then continue to stand by and do nothing to see that the wounds inflicted are properly medically treated, meets no standard, however abysmally low." *Id.* at 463, 12 O.O.3d at 386, 391 N.E.2d at 715; see, also, *State v. Schultz* (1982), 8 Ohio App.3d 352, 8 OBR 464, 457 N.E.2d 336 (failure to protect one's child from the physical abuse of another is a violation of a statutory duty which will sustain a conviction for a violation of R.C. 2919.22).

■ Accordingly, we conclude a parent or guardian of a child has a special relationship with the child, and the duty to be exercised in that relationship can be defined with reference to the duties of care, protection and support set forth in R.C. 2919.22(A).

## C

Pauline Brown argues that the imposition of a duty under R.C. 2919.22 would conflict with R.C. 2151.421, the child abuse reporting statute, and R.C. 2921.22, the criminal compounding statute.

■ R.C. 2151.421(A) contains a list of persons required to report knowledge or suspicion of child abuse to the appropriate governmental agency. That section does not list a parent or guardian. Under R.C. 2151.421(B), any other person may report knowledge or suspicion of child abuse. Pauline Brown contends the lack of an affirmative duty to report child abuse under R.C. 2151.421(A) absolves her of any duty under the circumstances.

R.C. 2151.421 is not an exclusive listing of those persons who must report knowledge or suspicion of child abuse. A duty to report abuse can arise from a special relationship at law, irrespective of a statutory duty. Since a parent has a special relationship to the child, the duty of care, protection and support under R.C. 2921.22(A) would create a duty to stop the alleged acts of abuse. See *State v. Sammons, supra.*

■ Pauline Brown also argues that a duty to report acts of abuse perpetrated by her husband would violate her marital privilege under R.C. 2921.22, the criminal compounding statute. R.C. 2921.22 provides in relevant part:

"(A) No person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities.

" * * *

"(F) Division (A) or (D) of this section does not require disclosure of information, when any of the following applies:

" * * *

"(1) The information is privileged by reason of the relationship between * * * husband and wife * * *."

R.C. 2921.22 is inapplicable. To the extent a privilege is involved, we note that R.C. 2317.02(D) [2] disallows any privilege if the act was done in the presence of a third party. The alleged victims in this case qualify as third persons who could witness the acts for which a privilege is claimed. See *State v. Mowery* (1982), 1 Ohio St.3d 192, 1 OBR 219, 438 N.E.2d 897, paragraph two of the syllabus; *State v. Howard* (1990), 62 Ohio App.3d 910, 916, 577 N.E.2d 749, 753–754.

### D

■ Pursuant to Civ.R. 56(C), summary judgment shall not be granted unless it appears from the evidence that reasonable minds could come to but one

---

2. R.C. 2317.02(D) provides that a husband or wife shall not testify in certain respects concerning a communication or act done by either in the presence of the other, "unless the communication was made, or act done, in the known presence or hearing of a third person competent to be a witness * * *."

conclusion and that conclusion is adverse to the party against whom the motion is made.  In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion.  *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Reviewing the evidentiary materials in a light most favorable to Hite and her daughters, we conclude reasonable minds could come to different conclusions on the question whether Pauline Brown violated a duty of care, support and protection owed to Hite and her daughters.

The women plaintiffs alleged Frank Brown engaged in a continuing course of rape and molestation for several years.  They submitted affidavits showing that many of the alleged acts of sexual molestation occurred in the family house.  The affidavits further aver that Pauline Brown was in the house at the time Frank Brown committed some of the alleged acts of sexual molestation, often in an adjoining room.  One of the minor plaintiffs stated she was "molested in the family room lying with my grandfather under a blanket with my grandmother present, watching tv in the same room."  All three women stated the family house was poorly insulated and sounds would carry from one room to another.  Viewing these statements in a light most favorable to plaintiffs leads to the inference that their sounds of resistance could be heard by others in the house.

Plaintiffs further stated Frank Brown often commented about their physical development in Pauline Brown's presence.  On one occasion, Frank Brown allegedly asked Pauline Brown if one of the minor plaintiffs could sleep with him in his bed.

The trial court stated, and we agree, that "there appears to be sufficient credible evidence that Pauline Brown had knowledge of Frank Brown's conduct * * *."  It follows the trial court erred by granting summary judgment on count 5 of the complaint.  The first assignment of error is sustained.

## II

In her second assignment of error Hite argues the court erred by dismissing her claims against the psychologist and the health care providers.

In 1985, Hite's seven-year-old niece complained that Frank Brown had molested her.  The niece's mother telephoned a psychologist at Kaiser Permanente to discuss the child's complaints.  The psychologist told the mother that Frank Brown had most likely inadvertently touched her.  However, he said if there was any indication of abuse, the law required him to report it to the authorities.  The parents returned to the psychologist with the niece.  After interviewing the niece, the psychologist concluded Frank Brown had "inadvertently stimulated [the

niece] [without] intention." After this visit, the niece's parents spoke with the psychologist and asked him to refrain from reporting the allegations of abuse. They stated their conviction that Frank Brown would not have perpetrated any such acts. They later claimed they sought to avoid any report of the incident out of a desire to protect the family. Although the niece's father believed he had dissuaded the psychologist from filing a report, the psychologist testified that he believed no abuse had occurred and that the father had no input in that decision.

Hite had alleged that the psychologist committed malpractice when he negligently failed to report his suspicions that Frank Brown had molested Hite's niece, and that the failure to report allowed Frank Brown to molest Hite's daughters. She further alleged that the health care providers were liable on a theory of *respondeat superior*. The trial court granted summary judgment in favor of the psychologist, finding he owed no duty to Hite's daughters. Additionally, the trial court found that Hite had failed to present evidence of causation between the psychologist's failure to report suspicions of abuse committed by Frank Brown and the injuries suffered by Hite's daughters. For the same reasons, the court granted summary judgment to the health care providers.

## A

The first issue raised by this assignment is whether a psychologist who has a duty to report knowledge or suspicions of child abuse owes that duty to persons outside the scope of the psychologist/patient relationship. R.C. 2151.421(A)(1) requires a licensed psychologist to report immediately knowledge or suspicion that a child has suffered or faces the threat of suffering abuse or neglect.

A psychologist who fails to report knowledge or suspicion of child abuse has no duty to persons outside the psychologist/patient relationship. In *Brodie v. Summit Cty. Children Serv. Bd.* (1990), 51 Ohio St.3d 112, 554 N.E.2d 1301, paragraph two of the syllabus states, "[a] children services board and its agents have a duty to investigate and report their findings as required by R.C. 2151.421 when a specific child is identified as abused or neglected, and the public duty doctrine may not be raised as a defense for agency failure to comply with such statutory requirements."

The court considered the intent behind the reporting statutes and found that the "action required by the statute is not directed at or designed to protect the public at large, but intended to protect a specific child who is reported as abused or neglected." *Id.* at 119, 554 N.E.2d at 1308. As a result, the court found that a negligence action premised on a violation of the duty contained in R.C. 2151.421 could be maintained against a county agency. See, also, *Crago v. Lorain Cty. Commrs.* (1990), 69 Ohio App.3d 24, 590 N.E.2d 15.

## B

Hite next argues the reporting statutes set forth a specific duty, the violation of which constitutes negligence *per se.*

While R.C. 2151.421 sets forth a specific duty to report knowledge or suspicions of child abuse, plaintiffs bear the burden of showing that they fall within the class of individuals the statute was designed to protect. *Neuenschwander v. Wayne Cty. Children Serv. Bd.* (1994), 92 Ohio App.3d 767, 637 N.E.2d 102, citing *Hocking Valley Ry. Co. v. Phillips* (1910), 81 Ohio St. 453, 462, 91 N.E. 118, 120.

The duty to report knowledge or suspicion of child abuse under R.C. 2151.421 is owed to the individual minor. Although *Brodie* addressed the issue in the context of governmental immunity under the public duty doctrine, we believe the reasoning of that case is no less applicable to psychologists in private practice: "The mandate is to take affirmative action on behalf of a specifically identified individual." *Brodie v. Summit Cty. Children Serv. Bd.,* 51 Ohio St.3d at 119, 554 N.E.2d at 1308.

None of the plaintiffs received treatment or counseling from the psychologist. It follows that they have failed to establish that the psychologist and the defendant health care providers breached any duty owed to them. The trial court did not err by granting summary judgment in favor of the psychologist and the health care providers. The second assignment of error is overruled.

## III

The third assignment of error complains the trial court erred by granting Frank Brown's motion for summary judgment on plaintiff Joseph Hite's claim for loss of consortium. The trial court found the claim barred since Joseph Hite had not been married to Sandra Hite at the time the alleged acts of abuse occurred.

The right of consortium is a right which grows out of marriage, is incident to marriage and cannot exist without marriage. See *Haas v. Lewis* (1982), 8 Ohio App.3d 136, 137, 8 OBR 192, 193–194, 456 N.E.2d 512, 513; *Anderson v. Brush–Wellman, Inc.* (1991), 77 Ohio App.3d 657, 662, 603 N.E.2d 284, 287.

In the present case, the unrebutted evidentiary materials submitted with Frank Brown's motion for summary judgment established that Joseph and Sandra Hite married in 1980, divorced in 1982, and remarried in 1985. The complaint alleged Frank Brown committed the alleged acts of sexual abuse from 1953 through 1963. At least seventeen years had passed from the last alleged acts of abuse to the time Joseph and Sandra Hite married in 1980. Clearly, the

alleged abuse did not occur during the marriage. Joseph Hite's claims for loss of consortium are barred as a matter of law. The third assignment of error is overruled.

## IV

In the fourth assignment of error, plaintiff Joseph Hite complains that the trial court's summary judgment on his loss of consortium claim erroneously included his claims for loss of filial consortium and negligent infliction of emotional distress. The trial court's order stated, "[a]ll claims of the minor plaintiffs * * * and Sandra Hite against defendant Frank Brown as contained in Counts 1, 2, 3 and 4 remain pending." Joseph Hite contends this order effectively dismisses his claim in count 4 relating to negligent infliction of emotional distress. He asks us to clarify which of his claims remain viable.

To the extent Joseph Hite argues the court erred by dismissing his claim for loss of filial consortium, this assignment lacks merit. Joseph Hite did not make any claim for loss of filial consortium. Count 6 of the complaint states that "plaintiff Joseph Hite has lost the services, society, companionship, comport [sic] and consortium of his wife, Plaintiff Sandra Hite." Nothing in this count asserts a claim for filial consortium; therefore, no clarification of the order is necessary.

Count 4 of the complaint asserts a cause of action for negligent infliction of emotional distress against Frank Brown. It asserts a cause of action for "each Plaintiff." Frank Brown's motion for summary judgment did not substantively challenge Joseph Hite's claim. Instead, Frank Brown challenged whether plaintiffs had brought their claims within the applicable statute of limitations. Since the trial court made no substantive findings regarding the merit of Joseph Hite's claim under count 4 of the complaint, his claim remains viable.

## V

Frank Brown sets forth four cross-assignments of error in which he argues the trial court erred by denying him summary judgment on plaintiffs' claims of assault and battery, breach of fiduciary duty, intentional infliction of emotional distress and negligent infliction of emotional distress. Brown's motion for summary judgment argued those claims were barred by the relevant statutes of limitations. The trial court found issues of material fact existed as to whether Sandra Hite's soundness of mind tolled the time in which her claims were to be brought.

We lack jurisdiction to address these assignments of error since the denial of a motion for summary judgment is not a final order under R.C. 2505.02. See *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d

312; *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, 1293–1294; *Mayfield Hts. v. Flanigan* (Nov. 18, 1993), Cuyahoga App. No. 64131, unreported, 1993 WL 483583. Further, the trial court's use of Civ.R. 54(B) language does not make an otherwise nonfinal order final. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, 1384–1385. Accordingly, the cross-appeal is dismissed.

The judgment is affirmed in part and reversed in part, and the cause is remanded.

*Judgment accordingly.*

SPELLACY and JAMES D. SWEENEY, JJ., concur.