On August 21, 1996, plaintiffs-appellants, Thomas and Michelle Green, filed a civil action against defendant-appellee James McQuirt's estate. The action arose from an automobile accident occurring on August 31, 1994, between Thomas Green and decedent, James McQuirt. Appellants filed a negligence action against the estate to recover for personal injuries to Thomas Green and for loss of consortium to Michelle Green. On August 5, 1997, the trial court dismissed appellants' action sua sponte, on the basis that they failed to perfect service within six months against the decedent's estate.
On August 14, 1997, appellants' refiled the action and immediately moved for summary judgment. In response, appellee filed a motion for summary judgment asserting that Michelle Green's claim for loss of consortium failed because she was not married to Thomas Green at the time of the accident. Additionally, appellee asserted that the statute of limitations barred Thomas Green's claim.
On October 20, 1997, the parties filed a stipulation maintaining that the action was timely commenced. As well, appellee withdrew his motion for summary judgment as to the statute of limitations defense concerning Thomas Green's claim.
On October 28, 1997, the trial court filed its decision granting summary judgment in favor of appellee. The trial court ruled that Michelle Green's claim for loss of consortium failed because appellants were not married to each other at the time of the accident and that the statute of limitations barred Thomas Green's claim.
Appellants appeal, assigning the following error:
 "DID THE TRIAL COURT COMMIT PREJUDICIAL ERROR WHEN IT GRANTED DEFENDANT'S MOTION FOR SUMMARY JUDGMENT?"
Under this one assignment of error, appellants raise the following issues that we will discuss in detail:
 1) May a trial court grant summary judgment to a defendant based upon the statute of limitations when, prior to the decision, defendant by agreement had withdrawn that basis for his motion?
 2) Does a fiancée have a claim for loss of consortium?
 3) Was appellants' second complaint timely filed under R.C. 2305.19?
In their first issue presented for review, appellants assert that the trial court improperly granted appellee's motion for summary judgment as to the statute of limitations issue concerning Thomas Green's claim. We agree.
In this case, as noted above, the parties stipulated that the action was timely commenced. Appellee withdrew his motion for summary judgment on the statute of limitations issue concerning Thomas Green's claim. A court is not authorized under Civ.R. 56 to enter summary judgment in favor of a non-moving party. James R. Soda, Inc. v. United Liberty LifeIns. Co. (1986), 24 Ohio St.3d 188, 190; Marshall v. Aaron
(1984), 15 Ohio St.3d 48, 50. Additionally, an agreement not to plead the statute of limitations issue is binding. Dietrick v.Noel (1884), 42 Ohio St. 18, 19.
Therefore, in this case, the issue of whether the statute of limitations barred Thomas Green's action was not properly before the trial court. Thus, we hold that the trial court erred by granting summary judgment in favor of appellee concerning Thomas Green's claim.
In their second issue presented for review, appellants assert that the trial court improperly granted appellee's motion for summary judgment concerning Michelle Green's claim for loss of consortium. Appellants argue that we should expand Ohio law on the right to consortium and conclude that engagement at the time of injury or a short interval between marriage and injury warrants recovery for loss of consortium. We disagree.
In Ohio, an individual has a claim for loss of consortium against a person who interferes with his or her marital rights. Clouston v. Remlinger Oldsmobile Cadillac, Inc. (1970),22 Ohio St.2d 65. Previously, we determined that the right of consortium, by its very definition, is a right that grows out of marriage, is incident to marriage and cannot exist without marriage. Haas v. Lewis (1982), 8 Ohio App.3d 136, 137. Because we found that the right to consortium is a marital right, we did not extend the right to unmarried individuals. Id.
Similarly, because the right to consortium cannot exist without marriage, an individual is not entitled to a claim for loss of consortium based on events that occurred before marriage. SeeHite v. Brown (1995), 100 Ohio App.3d 606; Anderson v.Brush-Wellman, Inc. (1991), 77 Ohio App.3d 657. As such, we reject the principle that engagement at the time of injury or a short interval between marriage and injury warrants recovery for loss of consortium.
In this case, Thomas Green was seriously injured in an automobile accident on August 31, 1994. Appellants were not married to each other at the time of the accident. Therefore, we conclude that Michelle Green does not have a claim for loss of consortium. The trial court properly granted summary judgment in favor of appellee as to the loss of consortium claim.
Because we concluded that the trial court erred by holding that Thomas Green's claim was barred by the statute of limitations, we need not address appellants' third issue presented for review.
In summary, appellants' sole assignment of error is overruled in part and reversed in part. Accordingly, as to the statute of limitations issue on Thomas Green's claim, we reverse the trial court's decision granting summary judgment in favor of
appellee and remand this matter to the trial court for further proceedings consistent with our decision. As to the issue of loss of consortium to Michelle Green, we affirm the trial court's decision granting summary judgment in favor of appellee and against appellants.
Judgment affirmed in part, reversed in part and remanded.
LAZARUS, P.J., and BRYANT, J., concur.