This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Will and Rebecca Rohskopf appeal from the decision of Wayne County Court of Common Pleas, granting summary judgment to defendants Summit Therapy Center, Tamara Brooks, and Traci Hanger-Hoffman. This court affirms.
 I.
Will Rohskopf and Lori Bevington were married from 1989 to 1991. On September 20, 1992, the couple had a daughter. Pursuant to an order of the juvenile court, Will Rohskopf (hereafter "father") had supervised visitation with the child. On March 9, 1997, the child's maternal grandmother, Patricia Bevington, and Lori Bevington notified the child's guardian ad litem that the child had reported to them that her father had tickled her genital area. Allegedly the child had made a similar report to her maternal aunt, Lucinda Jo Landon. On March 10, 1997, the guardianad litem reported the alleged sexual abuse to the juvenile court and on March 19, the GAL filed a motion to suspend father's visitation privileges pending a further investigation.
On March 20, 1997, Tamara Brooks, L.S.W., a social worker and partner in the Summit Therapy Center, began treating and counseling the child. At some point, the child made statements to Brooks that were similar to those she had made to family members. Brooks reported the allegations to the Children Services Board, as required by law. See R.C. 2151.421. The juvenile court held several hearings on the alleged abuse and the visitation issue, on March 24, and May 13, 14, 28, 28 and 30, 1997. At the May 14 hearing, Brooks testified about her therapy sessions with the child and the statements the child made to her, which Brooks had reported to CSB. On July 25, 1997, the juvenile court magistrate concluded that there was no credible evidence that father had sexually abused the child. Thus, the trial court refused to terminate father's visitation with the child. Brooks continued to counsel the child until October 1997.
In February 1998, father and his current wife Rebecca filed suit on their behalf and on behalf of the child, against Brooks, Summit Therapy Center, and Brooks' partner at the Center, Traci Hanger-Hoffman, L.S.W. These three defendants are the current appellees. The suit also named as defendants Lori Bevington, Patricia Bevington, and Lucinda Jo Landon, and three other therapeutic professionals who are no longer parties to this dispute.
The suit as it pertained to Brooks, Summit Therapy, and Hanger-Hoffman alleged that Brooks engaged in malpractice when she induced the child to make false reports of sexual abuse. Ultimately, the child's claims were voluntarily dismissed without prejudice. The remaining malpractice claims alleged that father was a foreseeable victim of the negligent diagnosis of sexual abuse. The complaint against the current appellees also alleged that appellees negligently inflicted emotional distress upon father, and negligently identified an unlawful act.
The appellees filed a motion for summary judgment on the basis that father's claims against them, although disguised as malpractice claims, are essentially based on Brooks' reporting of alleged sexual abuse. The appellees argued that they were statutorily immune from prosecution for reporting suspicion of child abuse, pursuant to R.C. 2151.421(G)(1). The trial court granted summary judgment in favor of the appellees.
Appellants filed the instant appeal, assigning one error.
 II. ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY GRANTING THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS BROOKS, HANGER-HOFFMAN AND SUMMIT THERAPY.
The sole assignment of error states that the trial court should not have granted summary judgment based on statutory immunity, because the complaint includes counts that sound in malpractice and negligence, areas not covered by the statutory immunity of R.C. 2151.421(G)(1).
To prevail on a summary judgment motion, the moving party "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To accomplish this, the movant must be able to point out to the trial court "evidentiary materials [that] show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." Id. at 293. If such evidence is produced, the non-moving party must proffer evidence that some issue of material fact remains for the trial court to resolve. Id.
An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
Prior to the grant of summary judgment, there were seven counts remaining against these appellees.[1] Three counts alleged malpractice by Brooks in rendering negligent and unsupervised diagnosis of the child, resulting in harm to father's reputation and loss of visitation. Another count alleged that Brooks' negligent report of abuse resulted in the negligent infliction of emotional distress on father. Yet another claim alleged that appellees negligently identified an unlawful act,i.e., father's sexual abuse of the child, to father's detriment. The two remaining claims were loss of consortium claims made by father and his wife Rebecca based on the underlying tort offenses.
In moving for summary judgment, appellees asserted that pursuant to R.C. 2151.421(A)(1) and (G)(1), Brooks was entitled to statutory immunity in reporting the allegation that father abused the child. Appellees further asserted that although the various counts of the complaint claim malpractice and other negligence, in the end the claims simply allege that because of Brooks' report of sexual abuse by father, father suffered harm.
We must first determine whether appellees met their initial Dresher
burden in pointing to evidence that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law. Appellees argued that they were statutorily immune from civil liability based on Brooks' report of abuse, because R.C. 2151.421(A)(1)(a) and (b) mandates a mental health professional like Brooks to report any suspicion of abuse and R.C. 2151.421(G)(1) makes the mandatory reporter immune from liability. Appellees pointed out that a mandatory reporter need not have a good faith basis for the report in order to be immune, in contrast to a non-mandatory reporter. See R.C. 2151.421(B) and (G)(1). Thus far, appellees' summary judgment motion was supported by law. See Walters v.The Enrichment Center of Wishing Well, Inc. (1999), 133 Ohio App.3d 66,75-76. The only question remaining is whether any of the counts of the complaint as they relate to Brooks' negligence and her duty to father actually relates to Brooks' alleged negligence in her ongoing counseling, rather than the report of sexual abuse.
In response to the summary judgment motion and again on appeal, father argued that the negligence and malpractice claims are based on Brooks' negligent ongoing "treatment" of the child which adversely affected the child and in turn harmed father. However, our review of the complaint establishes that appellees correctly characterized the malpractice and negligence claims. Each relevant claim in the complaint stated essentially that
 Brooks breached the duty of care owed to Plaintiff
Will A. Rohskopf * * * and performed the evaluation, diagnosis, and assessment [of the child] in a negligent and incompetent manner[.] * * * As a direct and proximate cause of said breach of duty, Plaintiff Will A. Rohskopf was investigated by the Holmes County Department of Human Services * * * and was forced to defend himself in a domestic relations [sic] trial based upon Defendant Brooks' allegations. * * * As a direct and proximate result, Plaintiff Will A. Rohskopf has suffered great pains and mental anguish, damage to his reputation, damage to his business, [and] lost time from employment[.]
(Emphasis added.) None of these claims challenge the quality of Brooks' ongoing treatment of the child for the period from the report of abuse on April 8, 1997 to October 13, 1997. Thus, the essence of these claims is that Brooks negligently diagnosed sexual abuse by father and reported to the Children Services Board her suspicion or belief that father had abused the child.
It is undisputed that Brooks is a "person engaged in social work," R.C. 2151.421(A)(1)(b), who is mandated by law to report suspicions or belief of abuse to CSB, pursuant to R.C. 2151.421(A)(1)(a). Thus, it is undisputed that Brooks, "participating in the making of reports under division (A) of this section, * * * shall be immune from any civil or criminal liability for injury * * * or loss to person or property that otherwise might be incurred or imposed as a result of the making of the reports[.]" See R.C. 2151.421(G)(1)(a).
In their motion for summary judgment, appellees demonstrated that there was no genuine issue of material fact that (1) the negligence and malpractice claims against appellees related solely to Brooks' diagnosis that father sexually abused the child (2) which led to Brooks' report to CSB, and that (3) appellees were entitled to judgment as a matter of law due to the statutory immunity. This was sufficient to meet appellees' initial Dresher burden.
In response to the summary judgment motion, father asserted that the malpractice and negligence claims related to Brooks' ongoing counseling of the child. Father characterized the fourth count (for malpractice) as alleging that Brooks negligently treated the child. However, the count alleges only negligent diagnosis, not negligent treatment.
In the memorandum contra summary judgment, father argued that Brooks essentially elicited from the child a report that father abused her, thus creating the "reportable incident" which resulted in harm to father. Furthermore, father stated that to enjoy statutory immunity, pursuant to R.C. 2151.421(G)(1)(a), the report must be based on good faith. Father offered the testimony of his expert witness who concluded that Brooks' techniques were "ill-formulated," and could not support the conclusion that father abused the child. However, the statute does not require that Brooks' report of abuse be based on good faith, let alone professional diagnostic standards. See Walters, 133 Ohio App.3d at 75-76. See, also, Hite v. Brown (1995), 100 Ohio App.3d 606, 616-617.
Viewing all the facts in evidence in the light most favorable to father as the non-moving party, (1) Brooks engaged in negligent diagnosis, (2) which led to Brooks' erroneous report to CSB that father had abused his daughter, and (3) damage to father resulted from the erroneous report, but (4) Brooks is statutorily immune from civil liability based on her report, even if negligently made. Thus, we conclude that the trial court properly granted summary judgment to the appellees herein, as they were entitled to judgment as a matter of law.
The assignment of error is not well taken, and it is overruled.
 III.
Having overruled the assignment of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J. CONCUR.
[1] Two other counts remaining prior to summary judgment joined as defendants Summit Therapy Center and Tracy Hanger-Hoffman, pursuant to theories of agency and partnership liability.