460

THE STATE OF OHIO, APPELLEE, *v.* SAMMONS, APPELLANT.

(No. 78-1431—Decided June 27, 1979.)

Mr. Thomas A. Luebbers, city solicitor, Mr. Paul J. Gorman and Mr. Frank H. Prouty, Jr., for appellee.
Mr. Richard C. Gasen and Mr. Joseph C. Merling, for appellant.

HOLMES, J. Appellant attacks the constitutionality of R. C 2919.22(A) asserting that it is void for vagueness and overbreadth under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, the argument propounded by appellant ignores the question of overbreadth. The sole issue before this court, therefore, is whether the statute is sufficiently definite to satisfy the requirements of due process of law.

R. C. 2919.22 provides, in pertinent part, that:

"(A) No person, being the parent * * * of a child under eighteen * * * shall create a substantial risk to the health or safety of such child, by violating a duty of care. protection, or support. * * *

"* * *

"(C) Whoever violates this section is guilty of en-

dangering children, a misdemeanor of the first degree. * * *."

. Appellant contends that the phrases "substantial risk" and "duty of care, [protection, or support]" render the statute so indefinite " '* * * that men of common intelligence must necessarily guess at its meaning and differ as to its application * * *.' " *Columbus* v. *Thompson* (1971), 25 Ohio St. 2d 26, 30, quoting *Connally* v. *General Construction Co.* (1926), 269 U. S. 385, 391. We disagree.

. The constitutional infirmities of vague penal statutes are three-fold. Indefinite statutes fail to provide fair notice that the contemplated conduct is forbidden. *United States* v. *Harriss* (1954), 347 U. S. 612, 617. Such statutes also fail to set reasonably clear guidelines for those charged with their administration, resulting in arbitrary and unequal enforcement. *Smith* v. *Goguen* (1974), 415 U. S. 566, 572-73. Additionally, vague criminal statutes often proscribe conduct that, by modern standards, is normally innocent. *Papachristou* v. *Jacksonville* (1972), 405 U. S. 156, 163. None of these defects is apparent in R. C. 2919.22 (A), as applied to appellant.

Appellant claims that the phrase "duty of care, [protection, or support]" is fatally indefinite. He asserts that "* * * there is no innate, uniform parental duty to which all parents subscribe * * *."

. In advancing this premise appellant sets forth that "[s]tudies have demonstrated that working class (*i. e.*, blue collar) parents tend to emphasize conformity to external standards of orderliness, obedience, and respect for adults, and are more likely to rely on the use of physical force as a means of punishment. In contrast middle class (*i. e.*, white collar) parents tend to emphasize self-direction, individualism, and realization of potential, and are more likely to rely on verbal interaction in response to persistent misbehavior."

The foregoing discussion as advanced by appellant in support of the claimed vagueness of this statute is of little weight in applying what may be considered to be a reasonable standard of duty of care and protection of one's

children generally to be applied throughout the community.

Whatever the color of the collar, a generally acceptable standard of societal attention to the needs and care of our offspring is not difficult of either determination or application. The norm in our society is for a parent to strive to see that his children are reasonably well nourished, housed, and clothed and reasonably protected from harm, and provided with necessary health care.

Certainly, to stand by and do nothing to prevent the torturous branding of one's children, and then continue to stand by and do nothing to see that the wounds inflicted are properly medically treated, meets no standard, however abysmally low.

In any event, the phrase attacked as indefinite does not exist in a legal vacuum. There is an abundance of statutory law, construed by the courts, which defines a parent's duties under the law. As used in R. C. 2919.22(A), the phrase "duty of care, protection, or support" was intended by the General Assembly to embrace only those duties of a parent toward his child as are imposed by law.

The Committee Comment to R. C. 2919.22(A) implies as much, when it states that:

"* * * Nonsupport as such is cognizable under section 2919.21 of the Revised Code, but if the failure to support a child results, for example, in the child suffering from malnutrition or exposure, it is an offense under this section."*

The Committee Comment makes apparent the intention of the drafters of this section. That intention was to punish a breach of a statutory duty, when the breach results in a substantial risk to the health or safety of a child.

Appellant argues further that the phrase "substantial risk" is unconstitutionally vague. This phrase is defined in

*See, also, Section 207.13 of the Model Penal Code (Tent. Draft No. 9), now Section 230.4, which is substantially analogous to R. C. 2919.22(A). The Comments to that section, at page 183, indicate that the offense "* * * can be committed only by an act or omission in violation of legal duty."

R. C. 2901.01(H) as "* * * a strong possibility * * * that a certain result may occur or that certain circumstances may exist." Appellant urges that "[m]aking a possibility however strong, the basis for criminal conduct, creates a standard that can only be guessed at and never anticipated."

We believe that appellant had adequate notice of the standard of conduct imposed by statute. A man of "common intelligence" would know that appellant's conduct presented a strong possibility of harm to the health or safety of appellant's children. There exist "* * * limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent upon finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with * * *." *United States Civ. Service Comm.* v. *National Assn. of Letter Carriers* (1973), 413 U. S. 548, 578-79.

R. C. 2919.22(A) which prohibits a parent or guardian of a child under the age of 18 years from creating a substantial risk to the health or safety of a child by violating a duty of care, protection or support is not unconstitutionally vague or indefinite.

R. C. 2919.22(A) provides fair notice that the contemplated conduct is forbidden and proscribes conduct that by any reasonable modern standard of our society is unacceptable.

We find none of the alleged constitutional infirmities to be present in R. C. 2919.22(A), as that statute applies to appellant. Although it would have been more appropriate to have charged appellant with complicity in the violation of R. C. 2919.22(B), proscribing the torture or cruel abuse of a child, appellant was properly charged with and convicted under R. C. 2919.22(A). The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.