THE STATE OF OHIO, APPELLEE, *v.* SCHULTZ, APPELLANT.

(No. 44831—Decided December 23, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Charles M. Young,* for appellant.

NAHRA, J. Appellant, Barbara Schultz, was found guilty by a judge of involuntary manslaughter of her four-year-old daughter. The child was beaten to death in her bed. Every internal organ and the brain had been bruised. The death occurred while the child was at home with her baby brother, appellant, and appellant's boyfriend, David Allen, a permanent resident. The court was unable to determine with certainty who struck the fatal blows, although it did find it was either appellant, Allen, or both.

The trial court found that appellant had violated R.C. 2919.22, which prohibits the endangering of children.[1] A

---

[1] The following is R.C. 2919.22 in its entirety:

"(A) No person, being the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of such child, by violating a duty of care, protection, or support. It is not a violation of a duty of care, protection, or support under this division when the parent, guardian, custodian, or person having custody or control of a child

violation of 2919.22 which results in serious injury is a fourth degree felony. Under R.C. 2903.04, commission of a felony which leads to death constitutes involuntary manslaughter.[2]

The appellant assigns two errors:

"I. The court erred where it determined that the appellant's alleged violation of a common-law duty to protect her child from another constituted endangering children and thereby involuntary manslaughter.

"II. The court erred in determining that the appellant's alleged failure to protect her child from the physical abuse of another is the violation of a statutory duty which will sustain a conviction for endangering children in violation of Section 2919.22(A), O.R.C., and thereby a conviction for involuntary manslaughter in violation of Section 2903.04(A), O.R.C."

We shall treat these together.

The appellant argues that the breach of a common-law duty to protect one's child from physical abuse is not a violation of R.C. 2919.22 and, therefore, it cannot be the commission of a crime necessary for involuntary manslaughter.

This argument might have validity if we were concerned only with violation of a common-law duty. However, the trial court did not base the violation on a breach of a common-law duty to protect, but directly on the duty imposed by statute. It spoke of common-law duties, but suggested they are codified within R.C. 2919.22. It is thus to an examination of the statutory duty that we must turn.

R.C. 2919.22 makes it a crime for parents to "create a substantial risk to the health or safety of such child, by violating a duty of care, *protection* or support" (emphasis added), or to:

"[a]dminister corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and

---

treats the physical or mental illness or defect of such child by spiritual means through prayer alone, in accordance with the tenets of a recognized religious body.

"(B) No person shall do any of the following to a child under eighteen or a mentally or physically handicapped child under twenty-one:

"(1) Torture or cruelly abuse the child;

"(2) Administer corporal punishment or other physical disciplinary measure, or physically restrain the child in a cruel manner or for a prolonged period, which punishment, discipline, or restraint is excessive under the circumstances and creates a substantial risk of serious physical harm to the child;

"(3) Repeatedly administer unwarranted disciplinary measures to the child, when there is a substantial risk that such conduct, if continued, will seriously impair or retard the child's mental health or development;

"(4) Entice, permit, encourage, compel, employ, or allow the child to act, model, or in any other way participate in, or to be photographed for, the production, presentation, dissemination, or advertisement of any

material or performance that is obscene, as defined in section 2907.01 of the Revised Code.

."(C) Whoever violates this section is guilty of endangering children, a misdemeanor of the first degree. If a violation of this section results in serious physical harm to the child involved, or if the offender has previously been convicted of an offense under this section or of any offense involving neglect, abandonment, contributing to the delinquency of, or physical abuse of a child, endangering children is a felony of the fourth degree."

[2] R.C. 2903.04 provides:

"(A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.

"(B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor.

"(C) Whoever violates this section is guilty of involuntary manslaughter. Violation of division (A) of this section is a felony of the first degree. Violation of division (B) of this section is a felony of the third degree."

creates a substantial risk of serious physical harm to the child; * * *"

Both appellant and Allen had administered corporal punishment, although it is unclear who struck the fatal blows to the child. The trial court found that appellant is necessarily guilty of at least one R.C. 2919.22 disjunct. If Allen beat the child, she created a substantial risk to the health of such child by violating a duty of "protection"; if she beat the child, then it was "excessive." The court found that if Allen beat the child, appellant would have been aware of it. Her failure to halt or attempt to halt that beating constitutes a failure to protect under R.C. 2919.22.

The appellant relies on the case of *State* v. *Sammons* (1979), 58 Ohio St. 2d 460 [12 O.O.3d 384]. The facts in *Sammons,* for purposes of the endangerment statute, are almost identical to those here. A father watched as his children were branded and burnt by his wife. He was found guilty under R.C. 2919.22 of endangering his children. No additional source of a duty to protect was found. The court stated that knowing failure to protect was itself sufficient to breach the duty required:

"Certainly, to stand by and do nothing to prevent the torturous branding of one's children, and then continue to stand by and do nothing to see that the wounds inflicted are properly medically treated, meets no standard, however abysmally low." *Id.* at 463.

Appellant argues that, despite the result, language of the opinion states that the statute is to "embrace only those duties of a parent toward his child as are imposed by law." *Id.*

Given the result of *Sammons,* which affirmed the conviction, it is clear that the statutory duty may arise from R.C. 2919.22 itself. There is further evidence of this in the official committee comment, cited by the *Sammons* court: "The first part of the section defines the offense of neglect as the violation of a duty of care, protection, or support of a child which results in a substantial risk to his health or safety." The comment goes on to identify specific offenses, such as malnutrition or exposure, made criminal by this section alone. In view of the statutory language, the case law interpretation, and the committee comment, we hold that the statute is self-referential, providing an enforceable duty to protect.

Appellant's violation of R.C. 2919.22 was a felony since the child suffered "serious physical harm." A proximate result of this felony was the death of the child, thereby making it involuntary manslaughter.

Affirmed.

*Judgment affirmed.*

PATTON, P.J., and DONOFRIO, J., concur.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.