The STATE of Ohio, Appellee,

v.

LEGG, Appellant.

[Cite as *State v. Legg* (1993), 89 Ohio App.3d 184.]

Court of Appeals of Ohio,
Summit County.

No. 16008.

Decided Aug. 18, 1993.

*Lynn Slaby,* Summit County Prosecuting Attorney, for appellee.

*Thomas A. Ciccolini,* for appellant.

---

Reece, Judge.

Defendant-appellant, Susan Legg, appeals her convictions of child endangering and involuntary manslaughter. We affirm.

On March 21, 1992, Steven Legg, Jr. was taken by paramedics to Akron Children's Hospital. Steven, Jr. was the two-year-old son of Susan and Steven Legg. When he arrived at Children's Hospital, Steven, Jr. lacked any signs of life and was pronounced dead after a short attempt at resuscitation. Dr. Robert Felter, who attempted to resuscitate Steven, Jr., noted that he had multiple bruises of various ages all over his body. Most of these bruises were in the head and groin areas. It seemed to Dr. Felter that the infant had been dead for some time because rigor mortis had begun. Further, lividity, the pooling of blood after death, had begun to occur on the child's back. Steven, Jr.'s eyes were sunken, a sign that he was either malnourished or severely dehydrated.

At trial the coroner, Dr. William Cox, further explained Steven, Jr.'s condition. He repeated that a number of bruises were found on Steven, Jr.'s body. He also testified that Steven, Jr. was malnourished. Some bruises were characterized by yellow, parchment-like skin which indicated the blows were inflicted after the boy had been dead for some time. The coroner also noted that there were three needle holes in the child's heavily bruised groin area. Steven, Jr.'s penis and scrotum were abraded and discolored. His anus was dilated and torn and its condition indicated that some object had been repeatedly forced into it. Based on this evidence, Dr. Cox concluded Steven, Jr. had been anally raped. Dr. Cox also concluded that Steven's head had been struck many times, probably by someone's

hand. These injuries lead to Steven, Jr.'s death as a result of cardiopulmonary distress brought on by swelling of the brain. Steven, Jr.'s death was estimated to have occurred late on March 20, although he was not taken to the hospital until the afternoon of March 21.

Susan and Steven admitted that Steven, Jr. was in their custody the whole week prior to his death. Initially, both parents denied that either of them had struck the child and neither could account for his injuries. After she was indicted, Susan was interviewed, with her attorney present, by Akron police detectives. She then claimed she had heard Steven beating her son severely the evening of March 20. Earlier that day, he had given another severe whipping to their son, which had prompted Susan to call Karen Fitzgerald of the Children's Services Bureau. According to Susan, after she discovered the child was dead, Steven told her that he would kill her if she told the police what had happened.

On June 23, 1992, Susan and Steven Legg were each indicted for one count of murder, R.C. 2903.02, and child endangering, R.C. 2919.22(A). After a jury trial, Susan was found guilty of the lesser included offense of involuntary manslaughter, R.C. 2903.04, and child endangering. Steven was found guilty of the two crimes with which he was indicted, murder and child endangering. Susan appeals, raising three assignments of error:

"I. The verdict that the defendant was guilty of involuntary manslaughter beyond a reasonable doubt was manifestly against the weight of the evidence.

"II. The verdict that the defendant was guilty of child endangering beyond a reasonable doubt was manifestly against the weight of the evidence.

"III. The trial court prejudiced the defendant by failing to grant a motion to acquit following the State of Ohio's completion of its case in chief."

We will combine these assignments of error for review as each requires a review of the evidence. The prosecution must prove every necessary element of the crime charged beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 365, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375. After viewing the evidence in the light most favorable to the prosecution, this court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia* (1979), 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560, 573. See *State v. Jamison* (1990), 49 Ohio St.3d 182, 191, 552 N.E.2d 180, 188.

The standard from *Jackson* is utilized for reviewing the sufficiency of the evidence, the claim raised in Susan's third assignment of error. When reviewing the weight of the evidence, as Susan argues in her first two assignments, this court will "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in

resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1011; see, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 218, 485 N.E.2d 717, 720.

■ This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. *Otten, supra*, 33 Ohio App.3d at 340, 515 N.E.2d at 1010; *Martin, supra*, 20 Ohio App.3d at 175, 20 OBR at 218, 485 N.E.2d at 720. In this case, the evidence presented supports both convictions.

R.C. 2919.22(A), with which Susan was charged, provides:

"No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * *, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * * "

■ This court has recently upheld a conviction under this statute for child endangering when a parent did not seek medical attention for his son. *State v. Sandefur* (Aug. 11, 1993), Summit App. No. 15787, unreported, 1993 WL 303279. In *State v. Schultz* (1982), 8 Ohio App.3d 352, 354, 8 OBR 464, 465, 457 N.E.2d 336, 338, the Eighth District Court of Appeals held that a parent who is aware that her child was being beaten and does not halt or attempt to halt the beating is guilty of failing to protect her child pursuant to R.C. 2919.22(A). According to Susan's own testimony, she was aware that Steven, Jr. was being severely beaten and she took no action to stop Steven. Pursuant to *Schultz*, this is sufficient to support a conviction of child endangering. See, also, *State v. Sammons* (1979), 58 Ohio St.2d 460, 463, 12 O.O.3d 384, 385, 391 N.E.2d 713, 715.

■ Susan also challenges her conviction of involuntary manslaughter. R.C. 2903.04(A) provides that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony." In this case, Steven, Jr. died as a result of a severe beating suffered on March 20. Susan was aware of this beating but did not attempt to stop it. Nor does it appear she checked on Steven, Jr. until she found him dead the next afternoon. These acts of child endangering were a proximate cause of the death of Steven, Jr. In *Schultz, supra*, the court found that a failure to protect one's child from physical abuse resulted in child endangering that will sustain a conviction for involuntary manslaughter if the child dies from those injuries. The Ohio Supreme Court and this court have also found that child endangering, pursuant to R.C. 2919.22(A), can be the underlying felony in an involuntary manslaughter conviction. *State v. Kamel* (1984), 12 Ohio St.3d 306, 308–310, 12 OBR 378, 380–

382, 466 N.E.2d 860, 863–864; *State v. Golden* (July 15, 1987), Summit App. No. 12912, unreported, 1987 WL 14439; *State v. Morgan* (Jan. 25, 1984), Lorain App. No. 3534, unreported, 1984 WL 4163; and *State v. Belein* (Sept. 2, 1987), Medina App. No. 1546, unreported, 1987 WL 16658. Accordingly, we find that the evidence supports a conviction of child endangering under R.C. 2919.22(A) and that offense was a proximate cause of Steven, Jr.'s death. Susan's three assignments of error are overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

COOK, P.J., and BAIRD, J., concur.