JOURNAL ENTRY AND OPINION
Appellant, Dawn Hlavsa, is appealing her conviction for six counts of child endangering. For the following reasons, we affirm.
Timothy Hlavsa testified that his father, Ryan, did "nasty stuff" to him over twenty times. Ryan put his peter in Timothy's mouth and butt. Sometimes, his mom "was right there, laughing" when the sexual abuse took place. Timothy saw his father do the same acts to his sister, Elizabeth. His mother saw his father doing the nasty stuff to Elizabeth. He saw his father throw his baby sister Georgia, into the crib. His father cut his hair with clippers, and his head got cut. Appellant was present when he was cut.
The children were removed from their parent's home. Timothy told his foster parents about the abuse, and then his therapist. He did not tell anyone about the abuse before, because he thought no one would believe him. Timothy stated that he gets more toys and has a better home with his foster parents. Timothy saw his cousin DJ watching nasty movies.
Elizabeth testified that her father stuck his peter in her "coochie" (vagina). He also peed in her mouth. Her mother humped her. Her father put his finger up her butt, and his peter up her butt. She saw her father humping Timothy. She saw him pee in Georgia's mouth and throw Georgia in the crib. Her mother and father made them watch nasty movies.
Elizabeth stated that DJ humped her. She saw dirty movies when DJ was babysitting. In 1995, the children stayed with Robert and Celine Hlavsa, relatives of Ryan Hlavsa. Elizabeth testified that Robert and Celine humped her.
Denise Oestreicher testified that she is the foster mother for the Hlavsa children. The children were brought to her home on May 22, 1998. Georgia had bruises on her head. Timothy had cuts and big scabs on the top of his head. The children were filthy and had lice. Timothy and Elizabeth spontaneously told her that their father and mother sexually abused them. She discovered that Timothy and Elizabeth engage in sexual acts together. Elizabeth masturbates violently. Georgia sometimes has trouble walking and falls, but she never sustains bruises of the severity she had when she first arrived.
The children were seen in the emergency room on May 22, 1998 by Dr. Anthony Brym. He could not conclude with certainty whether Georgia's bruises were accidental or inflicted. Her bruises were about seven to ten days old. He did not notice any other evidence of abuse. Dr. Brym ordered skull X-rays of Georgia, which were normal.
Dr. Spinner Block, a pediatrician, testified that she saw Georgia on May 28, 1998. Georgia had bruises on her head, hip and lower back. The bruises had the same coloring, indicating they all occurred at the same time. The location of the bruises indicated it was unlikely Georgia sustained the bruises by accident. The history taken included that the siblings said that daddy beats Georgia all the time.
Teriea Anderson, a social worker, testified that she interviewed Timothy and Elizabeth separately. She asked non-leading questions. As a result of the interviews, she recommended sexual abuse therapy for the children. Ms. Anderson conducted the only interview of the children.
Dr. Mark Feingold is a pediatrician and expert in evaluating children that may have been sexually abused. He examined the Hlavsa children on June 29, 1998. Georgia and Timothy did not have any physical signs of sexual abuse. Elizabeth had bacterial vaginosis, which is slightly suggestive of sexual activity. Elizabeth told Dr. Feingold that, "my dad plays with my coochie". While her vaginal and anal areas showed no damage, these areas heal quickly in young children. Dr. Feingold stated that abnormal sexual acting out, such as excessive masturbation, is an indication of abuse. Pornographic movies would not result in excessive acting out. The doctor noted medical records from October, 1997 where Elizabeth had a yeast infection. The record states "mother concerned about possibility of molestation".
Dorothy Dickens, a licensed social worker, testified that she provided counseling for Timothy and Elizabeth. The children spontaneously told her about incidents of abuse by their father. Timothy said his mother was in the house when his dad was molesting his sisters, and his mother did nothing. She just sat and watched television. The children are suffering from an adjustment disorder and low self-esteem. The children were in the room together during sessions, but she spoke with them separately.
Dr. Thomas Stern testified that he is a resident pediatrician at Metro Hospital. He treated the Hlavsa children in 1997. He did not notice any signs of abuse. It is the belief of mental health professionals that pornography can cause children to act out sexually. Georgia was treated for falling down the stairs when she was ten months old.
Dr. Sandra McPherson, an expert in forensic psychology, testified that six to eight percent of allegations of sexual abuse by children ages five to seven, are false allegations. A heated divorce can increase the chance of false allegations.
 I.
Appellant's first assignment of error states:
 THE MISFEASANCE OF APPELLANT'S COUNSEL DEPRIVED APPELLANT OF HER CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL WHERE APPELLANT'S COUNSEL FAILED TO FILE A PRETRIAL MOTION FOR SEVERANCE.
To demonstrate ineffective assistance of counsel, appellant must show: (1) that counsel substantially violated an essential duty and (2) appellant was prejudiced by counsel's errors. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, State v. Bradley (1989), 42 Ohio St.3d 136. Prejudice is demonstrated when the defendant shows that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 A defense attorney is "not under a duty to sever defendants where it was not evident that appellant would be prejudiced by a joint trial under Crim.R. 14". State v. Thompson (April 27, 1995), Cuyahoga App. No. 67048, unreported. Where a lawyer has not violated an essential duty, ineffective assistance cannot be established. Id.
State v. Guy (Dec. 2, 1999), Cuyahoga App. No. 74457, unreported.
Appellant was not prejudiced by any conflicting defenses of Ryan Hlavsa. Appellant and Ryan both asserted that no abuse or neglect took place. Appellant contends that Ryan's more serious offenses would cause the jury to find her guilty by association. Joinder of defendants is proper as long as all defendants participated in the same series of transactions leading to the charges even if they did not participate in every act and were not all charged in each count of the indictment. State v. Schiebel (1990), 55 Ohio St.3d 71, 88-89; State v. Shedwick (1997), Cuyahoga App. No. 71749, unreported. Moreover, "guilt by association" is not a concern where evidence relative to defendant was direct and uncomplicated so that jury was capable of segregating proof as to each defendant. State v. Parker (1991), 72 Ohio App.3d 456. In this case, the jury was capable of segregating Ryan Hlavsa's abuse of the children from appellant's failure to protect the children from the abuse. It did not appear that appellant would be prejudiced by the joint trial with Ryan Hlavsa. No professional duty was violated by failing to request separate trials.
If counsel violated an essential duty by failing to request separate trials, appellant has not shown that she was prejudiced by such failure. Appellant has not shown there was a reasonable probability appellant would not have been convicted had the severance been granted. See State v. Banks (1991), 71 Ohio App.3d 214,221. Even if separate trials were granted, the jury would still hear the evidence concerning Ryan's sexual abuse of the children.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE MANIFEST WEIGHT OF THE EVIDENCE FAILS TO SUPPORT APPELLANT'S CONVICTION FOR CHILD ENDANGERING.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary; whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61, State v. DeHass (1967), 10 Ohio St.2d 230.
The elements of child endangering are: A parent creates a substantial risk to the health or safety of the child by violating a duty of care, protection or support. R.C. 2919.22. If the parent has knowledge that a child is being raped by a husband or boyfriend, failure to take steps to stop the rape violates a duty of protection and results in a substantial risk to the health or safety of the children. State v. Wardlow (1985), 20 Ohio App.3d 1. Failure to protect a child from the physical abuse of another can be child endangering. State v. Shultz (1982), 8 Ohio App.3d 352.
In this case, the children testified that appellant had seen both Timothy and Elizabeth being sexually molested by appellant's husband, on more than one occasion. She also would have noticed the sexual acting out by the children, which was immediately noticed by the foster mother. There was evidence that Ryan Hlavsa physically abused Georgia. Appellant must have seen the bruises on Georgia's head, but did not seek medical treatment for her. The jury could conclude that appellant was aware of the physical and sexual abuse of Georgia. The children were filthy, had lice, and said they were never bathed. The evidence was sufficient to find at least six counts of child endangering.
Moreover, the trier of fact did not lose its way in believing the children's testimony. There was expert testimony that Timothy and Elizabeth's extreme sexual acting out indicated long-term sexual abuse. Timothy and Elizabeth spontaneously told their foster mother, a doctor and a social worker about the abuse. While there was little physical evidence of abuse, Dr. Feingold testified that young children heal quickly. Also, sexual abuse can occur without physical damage. There was medical evidence of physical abuse. The children's testimony was certain and consistent.
Appellant contends the evidence did not establish she acted with the required mental state of recklessness. See State v. McGee (1997), 79 Ohio St.3d 193. A person acts recklessly when with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result. R.C. 2901.22(C). A person acts recklessly when that person's conduct is a gross deviation from the standard of care which a reasonable person would exercise in the situation. See State v. Covington (1995), 107 Ohio App.3d 203, 205. The evidence established appellant knew about the sexual and physical abuse, yet failed to prevent it. Certainly, this is a gross deviation of a mother's standard of care. See Schultz, supra at 354. Appellant perversely disregarded the known risk of her husband's abuse.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE
SPELLACY, J., AND BLACKMON, J., CONCUR.