{¶ 75} I respectfully dissent with respect to the majority's decision as to appellants' fourth assignment of error, regarding the enhanced sentence for the charge of child endangering. The majority held that "the evidence clearly and convincingly demonstrates that the trial court erred in finding that the seriousness factor of R.C. 2929.12(B)(6) existed for the child endangering offenses under R.C. 2919.22(B)(6)." In making its determination, the majority held the following: (1) it stretches "the bounds of logic relative to the seriousness factor at R.C. 2929.12(B)(6)" for the trial court to find that appellants' relationship (mother and mother's live-in boyfriend) to the child victims "facilitated the offense of child endangering," i.e., the majority found that there was no showing that appellants' relationship with the children made it "easier" for appellants to violate the statute; (2) there is no legal support for the application of R.C.2929.12(B)(6) to child endangering cases pursuant to R.C. 2919.22(B)(6); and (3) there is no showing that appellants' conduct, i.e., "manufacturing the volatile methamphetamine in the presence of (anyone's) children," was more serious, by virtue of their relationship to the children, than conduct normally constituting the offense.
 {¶ 76} R.C. 2919.22(B)(6) states that no person shall allow a child to be on the same parcel of real property, and within 100 feet of, the illegal manufacturing of drugs, when the person knows that the act is occurring. R.C. 2929.12(B)(6) states that a factor the trial court must consider in determining whether the offender's conduct is more *Page 27 
serious than conduct normally constituting the offense is whether "[t]he offender's relationship with the victim facilitated the offense."
 {¶ 77} The majority states that "facilitate" means "to make easier." The term "facilitate," however, also means to "help bring about." Webster's Tenth Collegiate Dictionary (1993) 415. Parents have a legal duty to see that their children are reasonably well housed and protected from harm. State v. Sammons (1979), 58 Ohio St.2d 460, 463. In this case, Blatt's children were minors and were dependent upon her care. But for the children's relationship to appellants, they would not have been living in a residence where methamphetamine was being produced. Appellants more than "allowed" the children to be present where drugs were being manufactured. By asserting their authority over the children, i.e., making the children live in a residence where illegal drugs were manufactured, appellants actually helped to bring about, cause, and create the violative situation. As such, I agree with the trial court that appellants' relationship with the children facilitated the offense of child endangering in this case.
 {¶ 78} With respect to the seriousness of the offense, child endangering pursuant to R.C. 2919.22(B)(6) can occur whether the child in question is outdoors, inside a building, or even in the same room where the drug manufacturing is being done. It is axiomatic that allowing a child to be in close proximity to the actual drug manufacturing process, and for a prolonged period of time, as would occur when a child is made to live in a residence where drugs are manufactured, would be a more serious form of the offense than would occur, for example, if the child was just an occasional visitor, or was *Page 28 
kept outside of the residence. Moreover, it is logical that the child's relationship to the offender may act to increase the time the child is on the prohibited property, and increase the child's proximity or access to the drugs. As such, I find that the trial court's finding that appellants' conduct in this case was more serious than conduct normally constituting the offense of child endangering was supported by clear and convincing evidence and was not contrary to law.
 {¶ 79} Accordingly, I disagree with the majority that the trial court is not permitted to find that appellants' relationship to the child victims facilitated and increased the seriousness of the offense of child endangering. Even though a defendant can be found guilty of allowing any child to be on the prohibited real property, it seems obvious that a parent or adult who is responsible for providing a child with shelter and protection from harm has committed a more serious form of the offense by making a child actually live in a residence where drugs are being manufactured.
 {¶ 80} I also disagree that there is any significance to the fact that there is no legal support for the application of R.C. 2929.12(B)(6) to the offense of child endangering. First, there is no indication that R.C. 2929.12(B)(6) cannot be used as a factor in determining the seriousness of R.C. 2919.22(B)(6). Second, R.C. 2919.22(B)(6) only has been in effect since August 11, 2004. Thus, it is not surprising that there are no cases concerning R.C. 2929.12(B)(6)'s application to R.C.2919.22(B)(6). Third, R.C. 2919.22(E)(1) only sets forth a minimum mandatory sentence of two years actual incarceration when methamphetamines are involved. As a felony of the third degree, *Page 29 
even when the mandatory sentence is imposed, the trial court retains its discretion to sentence violators of R.C. 2919.22(B)(6) to three, four or five years of incarceration, depending on the factors present in each case. R.C. 2929.14(A)(3). Based on the seriousness of the offense, given appellants' actions and relationship to the children, I would affirm the trial court's sentence with respect to the charges of child endangering in this case. *Page 1