[Cite as *State v. Conyers*, 2016-Ohio-2952.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150439 |
| | | TRIAL NO. 14CRB-34999 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| NADINE CONYERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: May 13, 2016

*Paula Boggs Muething,* City Solicitor, *Natalia Harris,* City Prosecutor, and *Jacqueline Pham,* Assistant City Prosecutor, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**Sylvia Sieve Hendon, Judge.**

{¶1}   Following a bench trial, the court found Nadine Conyers guilty of child endangering and sentenced her to 180 days in jail.

{¶2}   At trial, Conyers' 15-year-old son C.S. testified that his stepfather ordered him into a bedroom to do pushups.  At the time, C.S. said, he could see his mother in a bedroom across the hall.

{¶3}   When C.S. failed to do proper pushups, his stepfather threw him into a wall.  According to C.S., the impact caused a dent in the wall and hurt his ribs.   C.S. testified that he yelled out "ow" and that he had "said it loudly."   The stepfather ordered C.S. to go to his bedroom and stay there.

{¶4}   For a week following the incident, C.S. said nothing to his mother about the incident or his injury.  C.S.'s grandparents picked him up at the end of the week, and two days later, noticed that C.S. was rubbing his side.   When the grandparents asked what was wrong, C.S. told them what his stepfather had done. The grandparents took C.S. to the hospital.

{¶5}   A hospital physician testified that C.S.'s right side, under the armpit, was tender to palpation.  An x-ray revealed tiny pleural effusions, or accumulations of fluid between the tissues that line the lung and the chest.  According to the physician, the cause for the injury was consistent with C.S.'s story of trauma.  And she testified that the injury would resolve on its own.

{¶6}   In denying Conyers' Crim.R. 29 motion, the trial court noted that the state had failed to present evidence that Conyers heard or should have heard that C.S. had hit the wall and yelled out.  The court told the prosecutor:

You did not demonstrate by distance. You did not demonstrate by wall. You did not demonstrate that he was loud. You did not demonstrate that the radio was or was not on, that it was a silent house. You didn't tell -- he didn't know what she was doing. In fact, when he was in that room, he made an assumption that she was [still] in the bedroom, but there was no fact that she was actually in the bedroom.

{¶7} The defense rested without putting on evidence. At the conclusion of the trial, the court found Conyers guilty of child endangering. The court found that Conyers should have known that

if her son was involved in these physical activities and he did not want to do that, that it was likely that there would be some punishment in that[.] * * * When he yelled and was sent to his room, she should have been on notice that something had occurred because now he is sent to his room. He was not on a punishment before. I have to assume that sending him to his room and remaining in his room was a punishment. There was no testimony that she had gone to his room to see about him.

{¶8} In three assignments of error, Conyers argues that the judgment was not supported by sufficient evidence, that the court erred by excluding her husband from the courtroom during her son's testimony, and that her sentence was contrary to law.

{¶9} In reviewing a challenge to the sufficiency of the evidence upon which a conviction is based, the question is whether after viewing the evidence in a light

most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶10}  To find Conyers guilty of child endangering under R.C. 2919.22(A), the trier of fact had to find that she was the parent of a child under 18 and that she created a substantial risk to the child's health or safety by violating a duty of care, protection, or support.  A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."  R.C. 2901.01(A)(8).  In order to be convicted of child endangering under R.C. 2919.22(A), a person must act "recklessly" or with "heedless indifference to the consequences" of her actions.  R.C. 2901.22(C).

{¶11}  The trier of fact need not have found that Conyers actually caused injury to her child.  *See State v. Kamel*, 12 Ohio St.3d 306, 308, 466 N.E.2d 860 (1984).  A parent's failure to secure medical attention for her seriously injured child is inconsistent with her parental duty of care.  *Id.* at 309-310; *State v. Legg*, 89 Ohio App.3d 184, 623 N.E.2d 1263 (9th Dist.1993); *State v. Stewart*, 5th Dist. Stark No. 2007-CA-00068, 2007-Ohio-6177, ¶ 64.  Therefore, Conyers could be found guilty of violating her parental duty of care if C.S. had been seriously injured and she had recklessly failed to seek medical attention for him.

{¶12}  Conyers argues on appeal that the state produced no evidence that she knew C.S. had been thrown into a wall by her husband or that she knew he had been injured.  Therefore, she argues, the state failed to prove the existence of the culpable mental state of recklessness, an essential element of the crime of child endangering.

{¶13}  Following our review of the record, we hold that the state failed to prove beyond a reasonable doubt that Conyers had acted recklessly or that she had created a substantial risk to her son's health.  As the trial court acknowledged, the state failed to prove that Conyers knew or should have known that her son was injured.  The evidence did not demonstrate that Conyers heard or should have heard her son cry out upon hitting the wall, that her son had shown any indications of pain until he had been with his grandparents for several days, or that his injuries were readily apparent.  C.S. testified that he had said nothing to Conyers about the incident or the injury.

{¶14}  Therefore, we sustain the first assignment of error.  We reverse the judgment of the trial court and discharge Conyers from further prosecution.  Our disposition of the first assignment of error renders the second and third assignments of error moot.

Judgment reversed and appellant discharged.

FISCHER, P.J., and STAUTBERG, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.