[Cite as *State v. Esper*, 2017-Ohio-7069.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105069**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOUGLAS DANIEL ESPER, JR.

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604280-A

**BEFORE:** Keough, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By: Cullen Sweeney
Deputy Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Margaret Kane
        Mary McGrath
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Appellant, Douglas Daniel Esper, Jr., appeals his convictions. For the reasons that follow, we reverse his sentence and remand for resentencing.

{¶2} In March 2016, Esper was named in a three-count indictment charging him with felonious assault and two counts of child endangering. According to the indictment and the bill of particulars, the charges stemmed from an incident that occurred on February 19, 2016, and resulted in serious physical harm to Esper's four-month-old son.

{¶3} Esper pleaded guilty to felonious assault, in violation of R.C. 2903.11(A)(1), and one count of child endangering, in violation of R.C. 2919.22(B)(1). In exchange, the state agreed to dismiss Count 3, child endangering in violation of R.C. 2919.22(A).

{¶4} After hearing arguments pertaining to merger, the trial court determined that Esper committed the two offenses with a separate animus, concluding that the two offenses did not merge for sentencing. Accordingly, the trial court sentenced Esper to eight years for felonious assault to be served consecutively to three years for child endangering, for a total prison term of eleven years. Esper appeals, raising two assignments of error.

{¶5} In his first assignment of error, Epser contends that the trial court erred by convicting and sentencing him to consecutive sentences on allied offenses of similar import.

{¶6} Because Esper raised the issue of allied offenses in the trial court, we review the trial court's merger determination under R.C. 2941.25 de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28.

{¶7} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Ohio Supreme Court held that courts considering whether there are allied offenses that merge into a single conviction under R.C. 2941.25 should focus on the defendant's conduct. *Id.* at ¶ 25. R.C. 2941.25(A) allows only a single conviction for conduct by a defendant that constitutes "allied offenses of similar import." However, under R.C. 2941.25(B), a defendant charged with multiple offenses may be convicted of all the offenses if (1) the defendant's conduct constitutes offenses of dissimilar import or significance, (2) the conduct demonstrates that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with a separate animus. *Ruff* at ¶ 31.

{¶8} In this case, Esper pleaded guilty to felonious assault in violation of R.C. 2903.11(A)(1), which provides that no person shall knowingly cause serious physical harm to another. He also pleaded guilty to child endangering with a serious physical harm specification, in violation of R.C. 2919.22(B)(1), which provides that no person shall abuse a child resulting in serious physical harm.

{¶9} The state and the trial court relied upon this court's decision in *State v. Porosky*, 8th Dist. Cuyahoga No. 94705, 2011-Ohio-330, in finding that these offenses were not allied offenses and did not merge. This reliance is misplaced.

{¶10} We initially note that *Porosky* was decided under the standard set forth in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. As the Supreme Court recently noted, "[t]he lead opinion in *Johnson* did not receive the support of a majority of this court, and more recent decisions of this court have rendered the analysis of the *Johnson* lead opinion largely obsolete." *State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, citing *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 16. For this reason alone, the analysis set forth in *Porosky* should not be applied in determining whether Esper's offenses are allied.

{¶11} Moreover, *Porosky* is factually distinguishable because Porosky pleaded guilty to felonious assault and child endangering in violation of R.C. 2919.22(A). As this court noted,

> Porosky first harmed his son (felonious assault) and then endangered him by failing to seek medical attention for the baby for approximately 12 hours * * *. Thus, even if child endangering and felonious assault could be considered allied offenses under the *Johnson* framework, in this case, the offenses do not merge since Porosky committed them with a separate animus.

*Id*. at ¶ 11.

{¶12} As explained by the Legislative Service Commission, R.C. 2919.22 focuses on "child neglect and abuse." Subsection (A) defines the offense of neglect as the "violation of a duty of care, protection, or support which results in a substantial risk to his health or safety." Committee Comment to R.C. 2919.22. Subsection (B) of R.C. 2919.22, on the other hand, "deals with actual physical abuse of a child, whether through physical cruelty or through improper discipline or restraint." *Id.*

**{¶13}** The Ohio Supreme Court has similarly distinguished between the two types of child endangering by explaining that division (B) deals with affirmative acts of physical abuse whereas division (A) is concerned with circumstances of neglect. *State v. Kamel*, 12 Ohio St.3d 306, 309, 466 N.E.2d 860 (1984), citing *State v. Sammons*, 58 Ohio St.2d 460, 391 N.E.2d 713 (1979) (an affirmative act of abuse is a required element for a conviction under R.C. 2919.22(B); whereas subsection (A) involves acts of omission). "[A]n inexcusable failure to act in discharge of one's duty to protect a child, where such failure to act results in a substantial risk to the child's health or safety, is an offense under R.C. 2919.22(A)." *Id.* at 309 (finding that the failure to secure medical attention for son's injuries or to prevent further injury, constituted a violation of R.C. 2919.22(A)).

**{¶14}** Accordingly, and as the defense points out, the trial court's reliance on *Porosky* might be correct if Esper had pleaded guilty to both causing an injury to his son that resulted in serious physical harm (felonious assault) and to violating his parental duty of care to obtain proper medical care (child endangering in violation of R.C. 2919.22(A)). However, Esper did not plead guilty to those two offenses. Rather, he pleaded guilty to the single act of causing serious physical harm to his son under two different statutes — felonious assault and child endangering under R.C. 2919.22(B). Although Esper was charged with violating a duty of care to his son in failing to seek adequate medical attention in Count 3 of the indictment, that charge was dismissed pursuant to the plea agreement. This detail is significant when determining whether Esper's offenses are allied because the court reviews the offenses that a defendant pleads to or is found guilty

of, not the offenses that are dismissed or those that do not result in a guilty finding. *See* R.C. 2941.25.

{¶15} In this case, the record reflects that Esper's conduct that gave rise to the felonious assault charge was the same conduct that gave rise to the endangering children charge under R.C. 2919.22(B)(1) — his shaking of the child, which caused substantial physical harm to the child. Esper's conduct was committed with the same animus — out of anger and frustration on February 19, 2016. Esper's subsequent conduct of failing to seek immediate medical assistance was the basis for the dismissed endangering children charged under R.C. 2919.22(A).

{¶16} Accordingly, we find that the trial court erred in failing to merge Count 1, felonious assault, and Count 2, endangering children in violation of R.C. 2919.22(B)(1), because the offenses were committed by the same conduct and with the same animus. Esper's first assignment of error is sustained. Having sustained the first assignment of error, Esper's second assignment of error contending that his counsel was ineffective for failing to properly advise him of the maximum sentence is hereby rendered moot.

{¶17} Judgment reversed, and case remanded for the trial court to merge the felonious assault and child endangering charges. The state shall elect upon which charge the trial court should impose the sentence.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;
TIM McCORMACK, J., DISSENTS WITH SEPARATE OPINION

TIM McCORMACK, J., DISSENTING:

**{¶18}** I write to ratify the sentencing work product of the trial judge in this criminal case, which is the subject of this appeal. Herein, we find both a deeply disturbing assault of life-threatening battery against a 12-week old infant and separately seven subsequent days of knowing, purposeful, and further abuse through life-endangering failure to address and then to misrepresent the basis of the increasingly critical condition of the victim infant. Both forms of abuse suffered by the infant, which were spread over multiple days, resulted from separate acts of criminal conduct of the appellant.

**{¶19}** The trial court established that the appellant's violent felonious assault conduct was separate from the subsequent abuse that two distinct criminal violations were committed against the 12-week-old infant. The felonious assault against the infant resulting in permanent brain damage occurred on February 19, 2016. The infant will

suffer from the violence of that day forever with the community most likely having to provide specialized therapy services for a lifetime.

{¶20} The knowing, conscious, deceitful, and purposeful prolonging of suffering and endangering of the life of the infant on each day, February 19, 20, 21, 22, 23, 24, and 25 constitutes separate conduct, separate animus, and separate import.   First the felonious assault on February 19 threatened the life and viability of the infant. Subsequently, the deceitful acts of the appellant lying to emergency care personnel led to the purposeful withholding of critical care resulting in the significant decline of the infant's condition and further deterioration that directly endangered the infant victim's life.   The trial court made these distinctions and should be affirmed.