[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 16, 1997
I. Factual and Procedural History
On September 5, 1995, the plaintiffs, Nadine Parker and Kathleen Yerkes, by and through Mary Yerkes her parent and guardian, brought an eight count complaint against Lynn Nelson and the Voluntown Board of Education. The complaint alleges the following facts. Nelson is a teacher employed by the defendant Voluntown Board of Education. On two separate occasions, Nadine Parker sent handwritten letters to Nelson detailing accounts of sexual exploitation allegedly committed by one Eric Yerkes on herself and Kathleen Yerkes. Nelson, upon receiving the letters, informed Eric Yerkes of the nature of the accusations and told him that she would not report the incident. As a result of her failure to report the alleged incidents, Eric Yerkes continued to abuse the plaintiffs. The plaintiffs claim that, as a result of Nelson's failure to report the incidence of abuse, they have been injured. CT Page 6976
Counts one and two allege that General Statutes §17a-101[1] and § 17a-102[2] require that Nelson, as a "mandated reporter", report any instances of child abuse which she has "reasonable cause to suspect or believe" is or has occurred. Counts one and two further allege that Nelson's failure to report the above-mentioned instances of abuse is a violation of the statute, and that, as a result of this violation, Nelson is liable to the plaintiffs. Counts three and four allege that Nelson's failure to report the alleged incidents of abuse, as required by § 17a-101a, was negligent per se and that this failure to report was the proximate cause of the plaintiffs' injuries. Counts five through eight attribute the same violations and corresponding liability to the Voluntown Board of Education.
On October 8, 1996, Nelson filed a motion to strike counts one through four of the amended complaint along with an accompanying memorandum of law as required by Practice Book § 155. On October 25, 1996, the plaintiffs filed an objection to Nelson's motion to strike. On February 13, 1997, defendant Nelson filed a reply to the plaintiffs' objection to her motion to strike. The plaintiffs filed a supplemental memorandum of law in opposition on or about February 17, 1997. On February 19, 1997, the court, Booth, J., heard oral argument on the motion to strike.
II. Motion to Strike, Legal Standard
In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138,140, 438 A.2d 27 (1980). The facts in the complaint must be considered most favorably to the pleader. Waters v. Autori supra,236 Conn. 825. When "facts provable in the complaint would support a cause of action, the motion must be denied." Id. 826.
III. Discussion
In her motion to strike, the defendant argues that counts one through four of the plaintiffs' complaint should be stricken: (1) counts one and two on the ground that § 17a-101 et seq. does not create a private right of action; and (2) counts three and four on the ground that the defendant has no common law duty to the plaintiffs. CT Page 6977
The plaintiffs argue that all four counts state viable causes of action since (1) a private right of action can be reasonably inferred from the statutes, and (2) the plaintiffs have alleged facts sufficient to give rise to either a cause of action for negligence per se or for common law negligence.
a. Section 17a-101, Private Right of Action
The defendant asserts that General Statutes § 17a-101 et seq. does not create a private right of action since the statutory scheme does not explicitly provide for one. The plaintiffs assert that the absence of explicit statutory language creating a private right of action is not fatal to their claim but that a private right of action can be reasonably inferred from the statutory scheme. Specifically, the plaintiffs direct this court's attention to § 17a-101e(b).[3] However, §17a-101e(b) deals only with immunity from civil or criminal actions upon the making of a report; not, as in this case, with the implications of failure to report.
There is a split of authority whether the creation of a private cause of action may be tested by a motion to strike. SeeMorgan v. Tolland County Health Care Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 469204 (February 9, 1996, Handy J.), Kutzman-Violette HTG.v. Konover Construction, Superior Court, judicial, district of Hartford-New Britain at Hartford, Docket No. 054357 (May 26, 1995, Sheldon, J.); and Stabell v. Prudential Insurance Co.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 0319568 (August 4, 1995, Freedman, J.); but seeConnecticut National Bank v. Ealahan Electric Co.,
Superior Court, judicial district of New London at New London, Docket No. 519422 (November 6, 1992, Hendel J.); Mitchell v. Cityof New London, Superior Court, judicial district of New London at New London, Docket No. 502403 (September 3, 1992, Leuba, J.); andKelvin Corporation v. Folley, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 292233 (July 15, 1992, Lewis, J.). This court is mindful that the motion to strike replaced the common law demurrer and sees no reason that the motion to strike may not be used in this way.
"When the legislature has authorized supplementary private causes of action, it has generally done so expressly." Middletownv. Hartford Electric Light Co., 192 Conn. 591, 596, 787, CT Page 6978473 A.2d 787 (1984). In Nowak v. Nowak, 175 Conn. 112, 394 A.2d 716
(1978), the Connecticut Supreme court observed that "[a] statute which creates a liability where formerly none, existed should receive a strict construction and is not to be extended, modified . . . or enlarged in its scope by the mechanics of construction. . . . Penal statutes should be construed strictly and not extended by implication to create a liability which no language of the act purports to create." (Citations omitted.) Id. 124-25.
This court grants the defendant's motion to strike counts one and two of the plaintiffs' complaint on the ground that §17a-101 et seq. does not create a private cause of action.
b. Negligence Per Se/Negligence
The defendant argues that counts three and four should also be stricken as legally insufficient on the ground that the defendant owes no duty to the plaintiffs and therefore cannot, as a matter of law, be liable to the plaintiffs for her actions. The plaintiffs counter that the defendant's failure to report the suspected abuse as required by § 17a-101a constitutes negligence per se.[4]
"Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles . . . ." Gore v. People's SavingsBank, 235 Conn. 360, 376, 665 A.2d 1341 (1995). "If a plaintiff alleges that a statute, ordinance or regulation has been violated, thereby relying on negligence per se, and also alleges that there is a causal connection between such negligence and the injuries sustained, a cause of action has been stated."[5] Commercial Union Ins. Co. v. Frank Perrotti Sons,Inc., 20 Conn. App. 253, 258, 566 A.2d 431 (1989). However, "[w]hile the violation of an applicable statute by a person governed by it is ordinarily negligence per se, to constitute a common-law cause of action, that negligence must have been a proximate cause of the injury for which damages are sought."Nolan v. Morelli, 154 Conn. 432, 444, 266 A.2d 380 (1967).
The plaintiffs' complaint alleges that Nelson violated §17a-101a by failing to report the instances of alleged child abuse communicated to her by Nadine Parker. The complaint further alleges that the plaintiffs are members of the class of individuals specifically protected by § 17a-101.[6] The CT Page 6979 plaintiffs' complaint also alleges that as a result of the Nelson's failure to report the alleged abuse, the abuse continued and the plaintiffs were thereby injured.
This court concludes that the plaintiffs' complaint states a viable cause of action for negligence per se in that the plaintiffs allege the violation of a statute and plead facts sufficient to allege a causal link between the statutory violation and the alleged injury.[7] Thus, the defendant's motion to strike counts three and four is denied.
IV. Conclusion
The court grants defendant Nelson's motion to strike counts one and two of the plaintiffs' amended complaint because: it holds that § 17a-101 et seq. does not provide for a private right of action and therefore cannot be the sole basis for a cause of action. The court denies defendant Nelson's motion to strike counts three and four of the plaintiffs' amended complaint because the plaintiffs have alleged sufficient facts to state a viable negligence per se cause of action.
Kevin E. Booth, J.